1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7      SERGIO MIRANDA, et al.,

Plaintiffs,                           Case No.  14-cv-05349-HSG

8

9                   v.

**ORDER GRANTING MOTION TO
DISMISS**

10     ALLAN HUBER SELIG, et al.,

Defendants.                           Re: Dkt. No. 41

11

12          This is a putative class action lawsuit in which four minor league baseball players

13     challenge restrictions imposed by the Office of the Commissioner of Baseball and the thirty major

14     league baseball clubs on the pay and mobility of minor league baseball players.  Pending before

15     the Court is the Defendants' motion to dismiss on the ground that the federal antitrust causes of

16     action asserted in this case are barred by baseball's historic antitrust exemption.  Dkt. No. 41

17     ("Mot.").

18          The Court has carefully considered the arguments presented by the parties and, for the

19     reasons set forth below, **GRANTS** the Defendants' Motion to Dismiss.

20     **I.      LEGAL STANDARD**

21          A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it

22     does not contain sufficient facts to state a plausible claim on its face.  *See Bell Atlantic Corp. v.*

23     *Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads

24     factual content that allows the court to draw the reasonable inference that the defendant is liable

25     for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility

26     standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

27     a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).  "While a complaint

28     attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

United States District Court
Northern District of California

1    plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

2    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

3    Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*,

4    550 U.S. at 555 (internal citations and parentheticals omitted).

5         In considering a motion to dismiss, a court must accept all the plaintiff's allegations as true

6    and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*,

7    551 U.S. 89, 93-94 (2007). If the court dismisses the complaint, it should grant leave to amend

8    "unless it determines that the pleading could not possibly be cured by the allegation of other

9    facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). When a party

10   repeatedly fails to cure deficiencies, however, the court may order dismissal without leave to

11   amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## II.    DISCUSSION

13        The Court's resolution of this motion is guided and ultimately determined by the Ninth

14   Circuit's recent decision in *City of San Jose v. Office of the Commissioner of Baseball*, 776 F.3d

15   686 (9th Cir. 2015). In that case, the City of San Jose asserted federal antitrust and various state

16   law claims against Major League Baseball concerning its attempts to prevent the relocation of the

17   Oakland Athletics to San Jose. The district court granted the Major League Baseball's motion to

18   dismiss San Jose's claims (save for its state-law tort claims) as barred by baseball's historic

19   antitrust exemption and San Jose appealed.

20        The Ninth Circuit's opinion affirming the district court's order traces the evolution of

21   baseball's antitrust exemption over three Supreme Court decisions: *Federal Baseball Club of*

22   *Baltimore v. National League of Professional Baseball Clubs*, 259 U.S. 200 (1922); *Toolson v.*

23   *New York Yankees, Inc*., 346 U.S. 356 (1953); and *Flood v. Kuhn*, 407 U.S. 258 (1972). After

24   analyzing these opinions, the Court held that the antitrust exemption applied not merely to the

25   reserve clause of major league baseball players at issue in *Flood*, but to "the entire 'business of

26   providing public baseball games for profit between clubs of professional baseball players.'" *City*

27   *of San Jose*, 776 F.3d at 690 (quoting *Toolson*, 346 U.S. at 357). Although the Court conceded

28   that the exemption may not bar all antitrust suits, such as those involving stadium concessionaires,

United States District Court
Northern District of California

2

1    it held that the restrictions on franchise relocation clearly fell within the ambit of the exemption.

2    *Id*. ("To the contrary, few, if any, issues are as central to a sports league's proper functioning as its

3    rules regarding the geographic designation of franchises.").

4    　　　　The Ninth Circuit then considered the impact of the Curt Flood Act of 1998, which

5    withdrew baseball's antitrust exemption with respect to the reserve clause and other labor issues

6    involving major league baseball players, but expressly declined to do so with respect to franchise

7    relocation. *See* Pub. L. No. 105-297, § 3, 112 Stat. 2824 (1998) (codified at 15 U.S.C. § 26b).  In

8    affirming the district court's decision, the Ninth Circuit concluded that its ability to infer intent

9    based on congressional inaction was at its apex because "[t]he exclusion of franchise relocation

10   from the Curt Flood Act demonstrates that Congress (1) was aware of the possibility that the

11   baseball exemption could apply to franchise relocation; (2) declined to alter the status quo with

12   respect to relocation; and (3) had sufficient will to overturn the exemption in other areas." *City of*

13   *San Jose*, 776 F.3d at 691.

14   　　　　The reasoning adopted by the Ninth Circuit in *City of San Jose* directly governs the claims

15   at issue in this case.  There can be no reasonable dispute that the alleged restrictions on the pay

16   and mobility of minor league baseball players fall into to the articulation of the antitrust exemption

17   recognized in *City of San Jose*, which applies broadly to the "business of providing public baseball

18   games for profit between clubs of professional baseball players." *City of San Jose*, 776 F.3d at

19   690.  This understanding is confirmed by the Curt Flood Act, which expressly declined to modify

20   the antitrust exemption with respect to practices relating to or affecting the employment of minor

21   league baseball players, while, at the same time, withdrawing that exemption from practices

22   concerning the employment of major league baseball players.  *See id.* at 691 ("[W]hen Congress

23   specifically legislates in a field and explicitly exempts an issue from that legislation, our ability to

24   infer congressional intent to leave that issue undisturbed is at its apex.") (citation omitted).  There

25   is simply no room to distinguish this case from *City of San Jose*, which found the substantively

26   identical exclusion of franchise relocation from the Curt Floor Act established Congress'

27   continued acquiescence to the antitrust exception.

28   　　　　In short, Plaintiffs have a persuasive policy argument that the Defendants should not be

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1  afforded carte blanche to restrict the pay and mobility of minor league players without answering

2  to the federal antitrust laws that apply to the employment of major league baseball players and, for

3  that matter, all other professional sports leagues.  But that policy argument must be made to

4  Congress or the Supreme Court.  "Only Congress and the Supreme Court are empowered to

5  question *Flood's* continued vitality, and with it, the fate of baseball's singular and historic

6  exemption from the antitrust laws." *Id*. at 692.

7  **III.    CONCLUSION**

8       For the foregoing reasons, Defendants' Motion to Dismiss pursuant to Federal Rule of

9  Civil Procedure 12(b)(6) is **GRANTED**.   Because baseball's historic antitrust exemption bars any

10  antitrust claims arising from Plaintiffs' employment as minor league baseball players, the Court

11  finds that any amendment of Plaintiffs' Complaint would be futile.  *See Lopez*, 203 F.3d at 1127

12  (9th Cir. 2000) (holding a district court should grant leave to amend "unless it determines that the

13  pleading could not possibly be cured by the allegation of other facts").  Accordingly, Plaintiffs'

14  Complaint is **DISMISSED WITH PREJUDICE**.

15       **IT IS SO ORDERED.**

16  Dated:  September 14, 2015

17  
18  HAYWOOD S. GILLIAM, JR.
   United States District Judge

19

20

21

22

23

24

25

26

27

28