UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGIO MIRANDA, et al.,

        Plaintiffs,

    v.

ALLAN HUBER SELIG, et al.,

        Defendants.

Case No.  14-cv-05349-HSG

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 41

This is a putative class action lawsuit in which four minor league baseball players challenge restrictions imposed by the Office of the Commissioner of Baseball and the thirty major league baseball clubs on the pay and mobility of minor league baseball players.  Pending before the Court is the Defendants' motion to dismiss on the ground that the federal antitrust causes of action asserted in this case are barred by baseball's historic antitrust exemption.  Dkt. No. 41 ("Mot.").

The Court has carefully considered the arguments presented by the parties and, for the reasons set forth below, **GRANTS** the Defendants' Motion to Dismiss.

## I.    LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain sufficient facts to state a plausible claim on its face.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 557).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

United States District Court
Northern District of California

1   plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

2   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

3   Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*,

4   550 U.S. at 555 (internal citations and parentheticals omitted).

5        In considering a motion to dismiss, a court must accept all the plaintiff's allegations as true

6   and construe them in the light most favorable to the plaintiff.  *See id*. at 550; *Erickson v. Pardus*,

7   551 U.S. 89, 93-94 (2007).  If the court dismisses the complaint, it should grant leave to amend

8   "unless it determines that the pleading could not possibly be cured by the allegation of other

9   facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).  When a party

10  repeatedly fails to cure deficiencies, however, the court may order dismissal without leave to

11  amend.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## II.        DISCUSSION

13       The Court's resolution of this motion is guided and ultimately determined by the Ninth

14  Circuit's recent decision in *City of San Jose v. Office of the Commissioner of Baseball*, 776 F.3d

15  686 (9th Cir. 2015).  In that case, the City of San Jose asserted federal antitrust and various state

16  law claims against Major League Baseball concerning its attempts to prevent the relocation of the

17  Oakland Athletics to San Jose.  The district court granted the Major League Baseball's motion to

18  dismiss San Jose's claims (save for its state-law tort claims) as barred by baseball's historic

19  antitrust exemption and San Jose appealed.

20       The Ninth Circuit's opinion affirming the district court's order traces the evolution of

21  baseball's antitrust exemption over three Supreme Court decisions: *Federal Baseball Club of

22  Baltimore v. National League of Professional Baseball Clubs*, 259 U.S. 200 (1922); *Toolson v.

23  New York Yankees, Inc*., 346 U.S. 356 (1953); and *Flood v. Kuhn*, 407 U.S. 258 (1972).  After

24  analyzing these opinions, the Court held that the antitrust exemption applied not merely to the

25  reserve clause of major league baseball players at issue in *Flood*, but to "the entire 'business of

26  providing public baseball games for profit between clubs of professional baseball players.'"  *City

27  of San Jose*, 776 F.3d at 690 (quoting *Toolson*, 346 U.S. at 357).  Although the Court conceded

28  that the exemption may not bar all antitrust suits, such as those involving stadium concessionaires,

2

United States District Court
Northern District of California

1   it held that the restrictions on franchise relocation clearly fell within the ambit of the exemption.

2   *Id.* ("To the contrary, few, if any, issues are as central to a sports league's proper functioning as its

3   rules regarding the geographic designation of franchises.").

4        The Ninth Circuit then considered the impact of the Curt Flood Act of 1998, which

5   withdrew baseball's antitrust exemption with respect to the reserve clause and other labor issues

6   involving major league baseball players, but expressly declined to do so with respect to franchise

7   relocation.  *See* Pub. L. No. 105-297, § 3, 112 Stat. 2824 (1998) (codified at 15 U.S.C. § 26b).  In

8   affirming the district court's decision, the Ninth Circuit concluded that its ability to infer intent

9   based on congressional inaction was at its apex because "[t]he exclusion of franchise relocation

10  from the Curt Flood Act demonstrates that Congress (1) was aware of the possibility that the

11  baseball exemption could apply to franchise relocation; (2) declined to alter the status quo with

12  respect to relocation; and (3) had sufficient will to overturn the exemption in other areas."  *City of*

13  *San Jose*, 776 F.3d at 691.

14       The reasoning adopted by the Ninth Circuit in *City of San Jose* directly governs the claims

15  at issue in this case.  There can be no reasonable dispute that the alleged restrictions on the pay

16  and mobility of minor league baseball players fall into to the articulation of the antitrust exemption

17  recognized in *City of San Jose*, which applies broadly to the "business of providing public baseball

18  games for profit between clubs of professional baseball players."  *City of San Jose*, 776 F.3d at

19  690.  This understanding is confirmed by the Curt Flood Act, which expressly declined to modify

20  the antitrust exemption with respect to practices relating to or affecting the employment of minor

21  league baseball players, while, at the same time, withdrawing that exemption from practices

22  concerning the employment of major league baseball players.  *See id.* at 691 ("[W]hen Congress

23  specifically legislates in a field and explicitly exempts an issue from that legislation, our ability to

24  infer congressional intent to leave that issue undisturbed is at its apex.") (citation omitted).  There

25  is simply no room to distinguish this case from *City of San Jose*, which found the substantively

26  identical exclusion of franchise relocation from the Curt Floor Act established Congress'

27  continued acquiescence to the antitrust exception.

28       In short, Plaintiffs have a persuasive policy argument that the Defendants should not be

afforded carte blanche to restrict the pay and mobility of minor league players without answering to the federal antitrust laws that apply to the employment of major league baseball players and, for that matter, all other professional sports leagues.  But that policy argument must be made to Congress or the Supreme Court.  "Only Congress and the Supreme Court are empowered to question *Flood's* continued vitality, and with it, the fate of baseball's singular and historic exemption from the antitrust laws."  *Id.* at 692.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**.   Because baseball's historic antitrust exemption bars any antitrust claims arising from Plaintiffs' employment as minor league baseball players, the Court finds that any amendment of Plaintiffs' Complaint would be futile.  *See Lopez*, 203 F.3d at 1127 (9th Cir. 2000) (holding a district court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts").  Accordingly, Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated:  September 14, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

*United States District Court*
*Northern District of California*